■ In the Matter of the Claim of RUBEN TURNER, Appellant, v JAQUITH INDUSTRIES, INC., et. al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [901 NYS2d 764]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed July 10, 2008, which ruled that claimant had no further causally related disability.

Claimant, a machine operator, began experiencing respiratory problems after being exposed to toxic fumes in the course of his employment in July 1997. That incident required that he miss three weeks of work and resulted in an established workers' compensation claim involving claimant's lungs and airways. Following his return to work in August 1997, claimant sustained no compensable lost time until the summer of 2006, when he was again exposed to fumes that caused him to have difficulty breathing. Claimant was subsequently diagnosed with asthma and chronic obstructive pulmonary disease, and he submitted a second claim for workers' compensation benefits. A Workers' Compensation Law Judge ultimately authorized awards encompassing the time period between February 16, 2007 and June 8, 2007, but found that claimant did not suffer any causally related disability beyond the latter date. The Workers' Compensation Board upheld that determination, prompting this appeal by claimant.

We affirm. "[I]t is within the Board's discretion to determine witness credibility and resolve conflicting medical opinions" (*Matter of Bentvena v City & Suburban*, 57 AD3d 1028, 1028 [2008]). Here, claimant's physician opined that claimant's exposure to fumes in 2006 exacerbated his existing lung disease, rendering claimant totally disabled and unable to work. He likewise indicated that claimant's disability was directly related to claimant's occupation.

In contrast, the workers' compensation carrier's examining physician testified that the 2006 exposure was a temporary exacerbation of claimant's asthma. Specifically, based on a comparison of medical records compiled before and after claimant's 2006 exposure, the physician testified that claimant's pulmonary function had returned to pre-exposure levels by January 2007 and that claimant could return to work. Indeed, he opined that claimant's respiratory problems were more likely the result of claimant's hepatitis C infection and smoking habit. A third physician who examined claimant at the request of the Special Fund for Reopened Cases in June 2007 concluded that claimant did not suffer from any causally-related disability. Accordingly, inasmuch as the resolution of conflicting medical opinions is within the Board's province and both of the latter opinions constitute substantial evidence supporting the Board's determination, we decline to disturb it (*see Matter of Banner v Anheuser-Busch Cos., Inc.*, 59 AD3d 759, 760 [2009]; *Matter of Darling v Transport Drivers, Inc.*, 35 AD3d 945, 946 [2006]).

Spain, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.