*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   February 9, 2017          521389
_____

In the Matter of the Claim of
    MAURICE OPARAJI,
                        Appellant,

      v

BOOKS & RATTLES et al.,                    MEMORANDUM AND ORDER
                  Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   January 12, 2017

Before:  Peters, P.J., Egan Jr., Rose, Devine and Aarons, JJ.

_____

      Maurice Oparaji, Rosedale, appellant pro se.

      William O'Brien, State Insurance Fund, New York City (David
J. Schatten of counsel), for Books & Rattles and another,
respondents.

_____

Aarons, J.

      Appeal from a decision of the Workers' Compensation Board,
filed December 29, 2014, which ruled that claimant did not
sustain a causally-related injury to his back and denied
authorization for surgery to his right shoulder.

      In 2008, claimant, a preschool teacher, was injured when he
was involved in a physical altercation with the parent of a
student.  His claim for workers' compensation benefits was
established for injuries to his neck and chest.  In 2010, the
claim was amended to include injuries to both his arms.  At that

time, claimant also sought to establish a causally-related injury to his back and requested that surgery to his right shoulder be authorized. A Workers' Compensation Law Judge thereafter amended the claim to include a back injury and authorized surgery for claimant's right shoulder. Upon review, a majority decision of the Workers' Compensation Board affirmed, with one Board panel member dissenting. The employer's workers' compensation carrier requested full Board review of the Board panel's decision. Following such review, the full Board reversed the decision of the Board panel and found that claimant did not sustain a causally-related injury to his back and denied authorization for right shoulder surgery. Claimant now appeals.

We affirm. "The Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Virtuoso v Glen Campbell Chevrolet, Inc., 66 AD3d 1141, 1142 [2009] [citations omitted]; see Matter of Mallette v Flattery's, 111 AD3d 989, 990 [2013]). In support of a finding of a causally-related back injury, claimant presented the reports and testimony of his treating physician, surgeon Emmanuel Lambrakis. Lambrakis testified that he began treating claimant in 2010, and he diagnosed claimant as suffering from, among other things, a causally-related injury to his lumbar spine. Lambrakis also testified that he concluded that the back injury was a result of the 2008 altercation, based upon the diagnosis of the physician who treated claimant right after the altercation, who Lambrakis believed diagnosed claimant with low back syndrome. The record reflects, however, that claimant's previous physician limited his diagnosis to a displaced intervertebral cervical disc. Moreover, claimant's 2008 C-3 employee claim form lists constant pain in the chest and shortness of breath, with no mention of back pain. Further, a physician who examined claimant in May 2009 reported that claimant complained of pain in his chest, neck and shoulder as a result of the altercation, with no mention of a back injury. Based upon our review of the record, the Board's decision that claimant failed to establish a causally-related back injury is supported by substantial evidence (see Matter of Guz v Jewelers Machinist, Inc., 71 AD3d 1272, 1273 [2010]; Matter of Hernandez v Vogel's Collision Serv., 48 AD3d 861, 861-862 [2008]).

Turning to the authorization of right shoulder surgery, "employers are required to pay for medical treatment, procedures, devices, tests and services . . . for employees who sustain causally related injuries for such period as the nature of the injury or the process of recovery may require" (Matter of Pinkhasov v Auto One Ins., 140 AD3d 1487, 1488 [2016] [internal quotation marks and citations omitted]). Lambrakis diagnosed claimant as suffering from a derangement of the right shoulder and a partial tear of the rotator cuff, as evidenced by a 2010 MRI of the shoulder, and that the conditions were causally related to the 2008 altercation. Lambrakis, however, incorrectly concluded that claimant was diagnosed with a right shoulder injury by the initial treating physician, insofar as there is nothing in the medical records indicating either a diagnosis of a shoulder injury or complaints of shoulder pain by claimant contemporaneous with the altercation. Additionally, orthopedic surgeon John Xethalis, who examined claimant in 2010 and 2011, concluded that claimant's right shoulder condition was causally related to the altercation. Xethalis testified, however, that claimant informed him that he was experiencing pain in the right shoulder immediately after the altercation, a contention that is not supported by claimant's medical records. In contrast, orthopedic surgeon Jonathan Glassman, who examined claimant on behalf of the carrier in July 2010 and February 2011 and reviewed his medical records, opined that the condition of claimant's right shoulder, including the rotator cuff tear, was the result of degenerative changes and not causally related to the 2008 altercation. Glassman noted the lack of any contemporaneous complaints of right shoulder pain by claimant following the altercation. According proper deference to the Board's resolution of conflicting medical evidence and evaluation of witness credibility (see Matter of Johnson v Adams & Assoc., 140 AD3d 1552, 1553 [2016]; Matter of Wilson v Yonkers Raceway/Empire City, 126 AD3d 1260, 1261 [2015]), we conclude that the Board's decision not to authorize causally-related right shoulder surgery is supported by substantial evidence and it will not be disturbed. Claimant's remaining claims have been considered and found to be without merit.

Peters, P.J., Egan Jr., Rose and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.




                    ENTER:


                    Robert D. Mayberger
                    Clerk of the Court