*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 9, 2017                523579
_____

In the Matter of MYRIAM
    FLEURISSAINT,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER
LENOX HILL HOSPITAL et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  January 12, 2017

Before:  Peters, P.J., Egan Jr., Rose, Devine and Aarons, JJ.

_____

        Law Office of Joseph A. Romano, New York City (Joseph A.
Romano of counsel), for appellant.

        Foley, Smit, O'Boyle & Weisman, New York City (Michael P.
Furdyna of counsel), for Lenox Hill Hospital and another,
respondents.

_____

Devine, J.

        Appeal from a decision of the Workers' Compensation Board,
filed December 8, 2015, which, among other things, ruled that
claimant had no further causally related disability.

        Claimant, a surgical technician, hit her head at work on a
towel dispenser and sustained a compensable work-related injury
to her head that was later amended to include postconcussion
syndrome and neuropsychiatric injury.  Thereafter, a Workers'
Compensation Law Judge (hereinafter WCLJ) determined, among other

things, that claimant sustained a 37.5% permanent partial disability as a result of her injury.  Claimant administratively appealed and sought an increase to at least a 50% permanent disability, while the employer and its workers' compensation carrier maintained that the WCLJ's decision should be affirmed.  The Workers' Compensation Board ruled, among other things, that claimant had no further psychological or neurological disability and rescinded all awards subsequent to June 12, 2014.  This appeal ensued.[1]

To the extent that claimant asserts that the Board erred in sua sponte reversing the WCLJ's decision and finding no further causally related disability when the only issue before it was whether the percentage of disability should be increased, it is without merit.  The Board is granted "broad jurisdiction [that] includes the power, on its own motion or on application, to modify or rescind a [WCLJ's] decision . . . and . . . its continuing jurisdiction embraces the power of modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just" (Matter of Ronda v Edenwald Contr., 216 AD2d 741, 741 [1995] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 123).

Contrary to claimant's further contention, the Board's decision is supported by substantial evidence.  The Board credited the independent medical examiner (hereinafter IME) who opined that, based upon his examinations of claimant and review of her medical records, there was no objective basis for claimant's neurological or psychiatric conditions as found by her treating physicians.  In fact, the IME noted efforts by claimant to "simulate pathology" and exaggerate her symptoms and found "no evidence of disability."  Thus, notwithstanding medical proof that could support a different result, substantial evidence

---

[1]  The notice of appeal was filed in the name of claimant's counsel rather than that of claimant.  As the only issues raised on appeal relate to claimant, and there is no prejudice as a result of the mistake, we will disregard this error (see CPLR 2001).

exists to support the Board's decision and it will not be disturbed (see Matter of Franco v Peckham Indus. Inc., 91 AD3d 997, 997-998 [2012], lv denied 18 NY3d 810 [2012]; Matter of Cuffe v Supercuts, 83 AD3d 1344, 1345 [2011], lv denied 17 NY3d 705 [2011]).

Peters, P.J., Egan Jr., Rose and Aarons, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court