Matter of Derouchie v Massena W. Wc Smelter (2018 NY Slip Op 02850)





Matter of Derouchie v Massena W. Wc Smelter


2018 NY Slip Op 02850


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525196

[*1]In the Matter of the Claim of GERRY J. DEROUCHIE, Claimant,
v
MASSENA WEST — WC — SMELTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: March 30, 2018

Before: McCarthy, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Falge, LaClair, Hvozda & Cassidy, PC, North Syracuse (Dean C. LaClair of counsel), for appellants.
Eric T. Schneiderman, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.




MEMORANDUM AND ORDER
Mulvey
, J.
Appeal from a decision of the Workers' Compensation Board, filed September 9, 2016, which ruled that claimant's need for total right knee replacement surgery and total left hip replacement surgery was causally-related to a compensable accident.
On February 18, 2015, claimant sustained injuries to his right knee, right arm, right shoulder, left hip and neck when he stepped into a pothole on the employer's premises while walking
to his car. He filed a claim for workers' compensation benefits and his case was established for injuries to his neck, right shoulder, right knee and bilateral hips. Claimant had two prior workers' compensation claims arising from incidents occurring on January 31, 2001 and April 29, 2008, both involving injuries to his right knee and requiring surgery. He was also previously involved in an unrelated motor vehicle accident that resulted in a fractured pelvis and required another surgery. Due to the injuries sustained by claimant in the February 2015 accident, he sought medical authorization for total right knee replacement surgery and total left hip replacement surgery. The employer, through its workers' compensation carrier (hereinafter collectively referred to as the carrier), denied these requests.
Claimant submitted a request for further action and a Workers' Compensation Law Judge (hereinafter WCLJ) directed the parties to submit deposition transcripts of three physicians who examined claimant to ascertain whether medical authorization should be granted for the surgeries. Following further proceedings, the WCLJ granted authorization for the surgeries. A panel of the Workers' Compensation Board affirmed the WCLJ's decision, finding that claimant's need for the surgeries was causally-related to the February 2015 accident. The carrier now appeals.
Initially, "[t]he Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Virtuoso v Glen Campbell Chevrolet, Inc., 66 AD3d 1141, 1142 [2009]; see Matter of Oparaji v Books & Rattles, 147 AD3d 1165, 1165 [2017], lv denied 29 NY3d 918 [2017]). Moreover, "the Board is vested with the discretion to assess the credibility of medical witnesses, and its resolution of such issues is to be accorded great deference, particularly with regard to issues of causation" (Matter of Onuoha v BJS Club 165, 139 AD3d 1274, 1275 [2016]; see Matter of Campito v New York State Dept. of Taxation & Fin., 153 AD3d 1063, 1064 [2017]; see also Matter of Murrah v Jain Irrigation, Inc., 157 AD3d 1088, 1089 [2018]). "To that end, the Board may selectively adopt or reject portions of a medical expert's testimony" (Matter of Baer v Eden Park Nursing Home, 51 AD3d 1344, 1345 [2008] [internal quotation marks and citations omitted]; see Matter of Scott v Manhattan & Bronx Surface Tr. Operating Auth., 132 AD3d 1048, 1049 [2015]).
Here, John Savage, the orthopedist who treated claimant following the February 2015 accident, testified that the prior injuries and surgeries involving claimant's right knee and left hip produced arthritic changes in both joints that left him bone on bone without cartilage. He stated that claimant experienced worsening pain in his right knee and left hip as a result of the February 2015 accident, which exacerbated the symptoms of his preexisting arthritis. He explained that although claimant's preexisting arthritis rendered him a candidate for eventual total left hip and right knee replacements, the February 2015 accident was the triggering event that caused him to seek the surgeries in order to improve his quality of life. Thus, it was his opinion that claimant's need for the surgeries was causally-related to the February 2015 accident.
Bedros Bakirtzian, the orthopedic surgeon who performed a prior surgery on claimant's right knee, also testified that claimant had arthritis in his right knee and left hip, that these joints were bone on bone without cartilage, and that these conditions were attributable to claimant's prior injuries and surgeries. He opined that the total left hip and right knee replacement surgeries were not causally-related to the February 2015 accident because they were necessitated by claimant's prexisting conditions and that claimant would have required the surgeries at some point regardless of the February 2015 accident. He acknowledged, however, that the February 2015 accident aggravated claimant's preexisting conditions and may have hastened the need for the surgeries by causing him to have increased pain, which is a major factor in determining if joint replacement surgery is appropriate.
The testimony of Louis Benton, an orthopedic specialist who conducted an independent medical examination of claimant on behalf of the carrier, was substantially in accord with Bakirtzian's testimony. Notably, he also acknowledged that the February 2015 accident caused claimant to experience increased pain, thereby aggravating the preexisting conditions of his right knee and left hip and accelerating his decision to seek the replacement surgeries. He declined, however, to state that the February 2015 accident was causally-related to the replacement surgeries.
In reaching its decision, the Board was free to credit Savage's medical opinion with respect to causation over the contrary medical opinion and could choose to accept those portions of Bakirtzian's and Benton's testimony that acknowledged that the February 2015 accident hastened claimant's decision to undergo the replacement surgeries. Deferring to the Board's evaluation of the proof presented, we conclude that substantial evidence supports its finding that claimant's need for the total left hip replacement surgery and the total right knee replacement surgery was causally-related to the February 2015 accident (see Matter of Krietsch v Northport-East Northport UFSD, 116 AD3d 1255, 1256-1257 [2014]; Matter of Mallette v Flattery's, 111 AD3d 989, 990 [2013]; compare Matter of Oparaji v Books & Rattles, 147 AD3d at 1166-1167). Therefore, we decline to disturb its decision.
McCarthy, J.P., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.