Matter of Kemraj v Garelick Farms (2018 NY Slip Op 05978)





Matter of Kemraj v Garelick Farms


2018 NY Slip Op 05978


Decided on September 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 6, 2018

524271

[*1]In the Matter of the Claim of BALRAM KEMRAJ, Appellant,
v
GARELICK FARMS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: August 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


The Law Firm of Alex Dell, PLLC, Albany (Courtney E. Holbrook of counsel), for appellant.
Walsh & Hacker, Albany (Matthew C. Kidd of counsel), for Garelick Farms and another, respondents.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed March 7, 2016, which ruled that claimant had no further causally-related disability after September 16, 2013.
Claimant was awarded workers' compensation benefits after he sustained a work-related injury to his left shoulder in 2005, and it was later determined that he had a 45% schedule loss of use of his left arm (see Workers' Compensation Law § 15 [3] [a]). The schedule loss of use was rescinded in 2012 and, later that year, the claim was amended to include complex regional pain syndrome. In 2013, the parties were directed to submit proof pertinent to assessing whether claimant had a further causally-related disability. A Workers' Compensation Law Judge considered that proof and found that claimant had no further causally-related disability after September 16, 2013. The Workers' Compensation Board affirmed, and claimant now appeals.
We affirm. "The Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Park v Corizon Health Inc., 158 AD3d 970, 971 [2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 909 [2018]; see Matter of Derouchie v Massena W. — WC — Smelter, 160 AD3d 1310, 1311 [2018]; Matter of Perez v SN Gold Corp., 155 AD3d 1298, 1299 [2017]).
Here, neurologist Sheldon Staunton conducted an independent medical examination of claimant and reviewed his medical history. Staunton found no objective evidence of any neurological problem during his examination and testified that claimant appeared to be [*2]exaggerating his symptoms and attempting to feign weakness. He further offered a specific opinion that claimant exhibited no signs of complex regional pain syndrome. As a result, Staunton concluded that claimant had no further causally-related disability, did not need further treatment and "could return to work immediately." Claimant's treating physicians disagreed, but, inasmuch as the Board was within its rights to reject their opinions and find Staunton's opinion more credible, we find substantial evidence to support the Board's determination (see Matter of Fleurissaint v Lenox Hill Hosp., 147 AD3d 1189, 1190 [2017]; Matter of Cuffe v Supercuts, 83 AD3d 1345, 1345 [2011], lv denied 17 NY3d 705 [2011]; Matter of Turner v Jaquith Indus., Inc., 73 AD3d 1405, 1406 [2010]; Matter of Ancrum v New York City Bd. of Educ., 66 AD3d 1094, 1095 [2009]).
Garry, P.J., Egan Jr., Clark and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.