Matter of Hernandez v KNS Bldg. Restoration, Inc. (2020 NY Slip Op 00901)





Matter of Hernandez v KNS Bldg. Restoration, Inc.


2020 NY Slip Op 00901


Decided on February 6, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 6, 2020

529196

[*1]In the Matter of the Claim of Guadalupe Hernandez, Claimant,
v
KNS Building Restoration, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: January 13, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ.


Goldberg Segalla, LLP, Buffalo (Cory A. DeCresenza of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed November 2, 2018, which ruled, among other things, that claimant was an employee of KNS Building Restoration, Inc.
Claimant filed a claim for workers' compensation benefits asserting that, on May 8, 2017, his first day of work on a construction job, he injured his knees, left leg and right shoulder, naming KNS Building Restoration, Inc.[FN1] as his employer. It was determined that Zurich American Insurance Company, which had been put on notice, had multiple comprehensive wrap-up insurance policies [FN2] covering KNS that did not specify which construction job locations the policies covered. Zurich denied that it had a wrap-up policy covering KNS for the address initially identified as the site of the accident. It was subsequently clarified that the accident occurred at 44-30 Purvis Street in Long Island City, an address that was part of a larger multi-building redevelopment project, and Zurich denied that it had a policy insuring KNS at that address but admitted that it had KNS wrap-up policies for other addresses in that project. KNS and Zurich denied that claimant was an employee of KNS or that KNS performed construction work at the reported accident site. After a hearing at which claimant and KNS's principal and Purvis Street foreperson testified, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for injuries to claimant's knees and right shoulder. The WCLJ expressly credited claimant's testimony and determined that KNS was the responsible employer for this accident and that it was covered by a wrap-up policy with Zurich. Upon administrative review, the Workers' Compensation Board affirmed. The Board declined to consider new evidence submitted by Zurich and KNS that had not been before the WCLJ. Zurich and KNS appeal.
We affirm. "The existence of an employer-employee relationship is a question of fact for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (Matter of Mauro v American Red Cross, 176 AD3d 1298, 1298 [2019] [citations omitted]). In making this determination, the Board takes into consideration a variety of relevant factors, including "the right to control the claimant's work, the method of payment, the right to discharge, the furnishing of equipment and the relative nature of the work" (Matter of Smith v 129 Ave. D, LLC, 161 AD3d 1493, 1494 [2018] [internal quotation marks and citations omitted]; see Matter of Colamaio-Kohl v Task Essential Corp., 157 AD3d 1103, 1104 [2018]).
Claimant testified through a translator that, on the day of the accident, he began work on the construction site unloading materials, having been hired to work on scaffolding for KNS by a person he knew as "Mr. Williams." Claimant recounted that he had filled out an employment application and had given it to a person named "Miguel," one of the KNS forepersons, and that he had not been asked for documentation that he was authorized to work or required to attend a safety orientation. Claimant testified that he knew two workers on the site, one of whom recommended him for the job, and that he had gone to the site with Williams, who he understood to be a KNS supervisor. Claimant was injured while unloading materials onto a platform, which he testified was witnessed by Miguel and a coworker. Claimant explained that he left work after the accident, went to the hospital two days later and returned to work three days after that. He was paid in cash by Williams. Claimant clarified that he had two addresses for KNS, and that the accident occurred at 44-30 Purvis Street, not at the address initially reported. Claimant was given a handwritten visitor pass to use to get into work, which he produced at the hearing.
A KNS foreperson at the Purvis Street site on the day of the accident, Seepersaud Lyle, and its corporate secretary/principal, Tony Malatos, testified, in sharp contrast, that they did not know or recognize claimant and that he was not hired by and did not work for KNS. They represented that KNS did not hire workers "off the books," and that they did not know a KNS supervisor named Williams or the other workers or one of the forepersons named by claimant. Lyle conceded, however, that KNS was performing construction work at the Purvis Street site on the day of claimant's accident and that KNS had a foreperson there named Miguel. Lyle testified that, while he was not responsible for hiring KNS workers, all workers were required to complete a safety orientation before they entered the work site and were given printed identification badges to enter it. Malatos testified that KNS was a contractual subcontractor for the property owner and that KNS had, in turn, subcontracted some of the work to All City Restoration. Malatos recounted that All City's owner, Edgar Morales, had told him that claimant had applied to work for All City and had appeared for orientation but, when he was unable to produce valid identification, he was told to return with the identification; Malatos did not know if claimant returned. According to Malatos, Morales told him that claimant never worked for All City or at this site. Although Malatos asserted that claimant had never been issued a KNS badge, he admitted that the visitor pass that claimant produced could have been given to him if he did not have proper identification or to allow him access to orientation.
The foregoing conflicting testimony presented a credibility issue that the WCLJ and the Board resolved in favor of claimant (see Matter of Smith v 129 Ave. D, LLC, 161 AD3d at 1495). Despite Lyle's and Malatos' denials that claimant worked for KNS, their testimony confirmed that KNS worked at the Purvis Street construction site where claimant was injured and that claimant was present at that site. Although the factors governing whether an employment relationship exists are more difficult to apply here, where claimant was injured on the first day of work and the usual documentary evidence was not created or produced, the Board was entitled to credit claimant's testimony that he was hired by KNS, that he was injured the first day on the job and that he was paid in cash for his work (see id. at 1494). The Board also noted Zurich's failure to present detailed information regarding the relationship between the owners of the buildings, the construction contractors and the subcontractors, and their express waiver of the opportunity to call Morales, All City's owner, to explain its relationship with KNS. Giving appropriate deference to the Board's credibility determinations, we find that substantial evidence supports its factual finding that claimant was an employee of KNS and was injured at its construction site, notwithstanding evidence in the record that could support a different result (see Matter of Colamaio-Kohl v Task Essential Corp., 157 AD3d at 1105; Matter of Hasbrouck v Harloff, 122 AD3d 1014, 1014-1015 [2014]; Matter of Martineau v Ashline, 114 AD3d 1009, 1010 [2014], lv dismissed and denied 23 NY3d 943 [2014]).
Further, we find no abuse of discretion in the Board's refusal to consider new documentary evidence submitted in Zurich and KNS's administrative appeal that had not been presented to the WCLJ (see Matter of Bull v Akron Oil Noco, 170 AD3d 1315, 1316 [2019]). Although they submitted the required sworn affidavit setting forth the new evidence they sought to introduce — an "actual" KNS worker identification badge — the Board concluded that they failed to sufficiently explain the reasons that this evidence was not presented to the WCLJ, characterizing the evidence as "newly obtained, rather than newly discovered." As the Board noted, Zurich repeatedly turned down the opportunity to adjourn the hearing for further testimony by All City's owner, pressing for an immediate determination on the merits, and never requested a continuance to present further evidence, aware that claimant had presented a KNS volunteer badge that KNS witnesses challenged. Under these circumstances, we discern no reason to disturb the Board's discretionary decision (see 12 NYCRR 300.13 [b] [1] [iii]). Zurich and KNS's remaining contentions have been considered and, to the extent that they are preserved, have been found to be without merit.
Egan Jr., J.P., Lynch, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant incorrectly identified the employer's business name as "KNS Construction" in his form C-3.

Footnote 2: Wrap-up insurance generally "refers to the practice of procuring one policy of insurance to cover the performance of the general contractor and all of its subcontractors through one agent" (Matter of Professional Ins. Agents of N.Y. State v New York State Ins. Dept., 197 AD2d 258, 259 n [1994]).