Matter of Marable-Greene v All Tr. (2021 NY Slip Op 00073)





Matter of Marable-Greene v All Tr.


2021 NY Slip Op 00073


Decided on January 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 7, 2021

531433

[*1]In the Matter of the Claim of Celeste Marable-Greene, Appellant,
v
All Transit et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: December 16, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Geoffrey Schotter, New York City, for appellant.
Tanisha S. Edwards, State Insurance Fund, New York City (Peter Lampasona of counsel), for All Transit and another, respondents.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed August 21, 2019, which ruled, among other things, that claimant had no further causally-related disability.
Claimant established a claim for right lower extremity deep vein thrombosis (hereinafter DVT) as a result of her duties as a bus driver and was awarded workers' compensation benefits from October 11, 2017 through August 24, 2018. Thereafter, the parties were directed to submit additional medical evidence assessing whether claimant continued to have a further causally-related disability. Following submission of medical depositions, a Workers' Compensation Law Judge (hereinafter WCLJ), crediting the medical opinion of Xenophon Xenophontos, an independent medical examiner who performed a vascular surgery evaluation, found that claimant had no further causally-related disability after August 24, 2018. Upon administrative appeal, the Workers' Compensation Board declined claimant's request that it consider new evidence that had not been before the WCLJ and affirmed the WCLJ's decision. Claimant appeals.
We affirm. "Initially, we note that there is no presumption of continuing disability under the Workers' Compensation Law" (Matter of Hughes v World Trade Ctr. Volunteer Fund, 166 AD3d 1279, 1280 [2018] [internal quotation marks and citation omitted]). The claimant bears the burden of demonstrating, through competent medical evidence, that the continued disability is causally related to the work-related injury (see id. at 1280; Matter of Campito v New York State Dept. of Taxation & Fin., 153 AD3d 1063, 1064 [2017]). "It is within the exclusive province of the Board to resolve conflicting medical opinions and its decision will not be disturbed when supported by substantial evidence, despite the existence of evidence that would have supported a contrary result" (Matter of Cuffe v Supercuts, 83 AD3d 1344, 1345 [2011] [citations omitted], lv denied 17 NY3d 705 [2011]; see Matter of Fleurissaint v Lenox Hill Hosp., 147 AD3d 1189, 1190 [2017]).
Xenophontos, who was provided with medical records from claimant's treating physician, testified that upon examination claimant exhibited no edema or significant tenderness in her right leg. Although Xenophontos acknowledged that swelling in DVT patients could wax and wane, he opined that claimant's DVT had resolved and she had no continued disability related to DVT. Further, Xenophontos stated that claimant could return to her employment as a bus driver, so long as she took the required breaks every two hours — which, claimant reported, she was not doing prior to developing DVT.
In contrast, John Meyer, claimant's occupational medicine physician, testified that, despite the absence of any swelling or other unusual findings, claimant was unable to return to her employment, as she was unable to sit for prolonged periods and needed to elevate her legs due to the risk of clotting and, therefore, was totally disabled from performing her duties [*2]as a bus driver. Meyer acknowledged, however, that his finding as to claimant's degree of disability was premised upon a note from another of claimant's treating physicians that claimant should remain out of work, as well as other information relayed to him by claimant. That note, however, was not filed with the Board. Admittedly, Meyer did not review any reports from claimant's other treating physicians or independently review the results of any diagnostic tests prior to rendering his opinion regarding claimant's continued disability. Deferring to the Board's decision to credit the medical opinion of Xenophontos, we find that substantial evidence supports the Board's determination that claimant had no further causally-related disability as a result of DVT (see Matter of Kemraj v Garelick Farms, 164 AD3d 1504, 1505 [2018]; Matter of Fleurissaint v Lenox Hill Hosp., 147 AD3d at 1190; Matter of Cuffe v Supercuts, 83 AD3d at 1345; Matter of Turner v Jaquith Indus., Inc., 73 AD3d 1405, 1406 [2010]).
Further, we are unpersuaded that the Board abused its discretion in refusing to consider new documentary evidence submitted by claimant on administrative appeal that was not presented to the WCLJ (see Matter of Hernandez v KNS Bldg. Restoration, Inc., 180 AD3d 1129, 1132 [2020]). On administrative appeal, claimant sought to introduce an ultrasonographic examination report by one of her treating physicians, a letter from that physician dated July 24, 2018 taking claimant out of work and a letter from Meyer indicating that he was unable to obtain the foregoing ultrasonographic examination report as of the date of his deposition but which confirms his opinion that claimant has an ongoing disability due to the established DVT. Although Meyer explained that he was unable to obtain the report until after November 9, 2018, there is no explanation as to why such information was not subsequently filed with the Board prior to the WCLJ's March 12, 2019 decision. Given claimant's failure to submit the available documentation in a timely manner, or provide a sufficient explanation for such failure, we find no reason to disturb the Board's discretionary decision not to consider the documents (see 12 NYCRR 300.13 [b] [1] [iii]; Matter of Hernandez v KNS Bldg. Restoration, Inc., 180 AD3d at 1132; Matter of Husak v New York City Tr. Auth., 40 AD3d 1249, 1250 [2007]; Matter of Quail v Central N.Y. Psychiatric Ctr., 291 AD2d 613, 614 [2002]).
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.