Matter of Yolinsky v Village of Scarsdale (2022 NY Slip Op 00931)





Matter of Yolinsky v Village of Scarsdale


2022 NY Slip Op 00931


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

533324
[*1]In the Matter of the Claim of David Yolinsky, Appellant,
v
Village of Scarsdale et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 10, 2022

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Peter M. DeCurtis of counsel), for Village of Scarsdale and another, respondents.



Egan Jr., J.P.
Appeals (1) from a decision of the Workers' Compensation Board, filed September 29, 2020, which ruled, among other things, that claimant's need for knee surgery was not causally related to his prior compensable injury, and (2) from a decision of said Board, filed December 14, 2020, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a firefighter, has an established claim for a work-related injury to his right knee that was sustained in July 2016. Claimant consulted with an orthopedic surgeon and, after being out of work for less than two weeks, claimant returned to full duty and periodically sought treatment and engaged in physical therapy to address ongoing pain and/or discomfort. Two MRIs — one undertaken in August 2016 and the other in May 2017 — found no evidence of any ligament tears, instead revealing only a small cyst in the area of discomfort described by claimant. In August 2017, the second orthopedic surgeon with whom claimant consulted diagnosed claimant with "mild residual patellar tendinitis," noted that claimant's symptoms had "essentially resolved" and advised that he would see claimant on an as-needed basis going forward.
Following a 17-month gap in treatment, and after claimant twice experienced pain in his knee while playing volleyball, claimant again sought treatment in January 2019 and underwent a third MRI of his right knee, which revealed, among other things, "a large chondral defect" and a "moderate-to-large popliteal cyst."[FN1] Claimant then was evaluated by a third orthopedic surgeon, Sabrina Strickland, who ultimately concluded that both the 2017 and 2019 MRI studies showed a "trochlear cartilage defect" that, in turn, was the result of claimant's 2016 work-related injury and recommended surgery. Following additional proceedings, including the depositions of Strickland and Ronald Mann, the orthopedic surgeon who conducted an independent medical evaluation of claimant, a Workers' Compensation Law Judge granted the requested surgical authorization. Upon administrative review, the Workers' Compensation Board reversed, finding, among other things, that claimant failed to establish that the requested surgery was causally related to his 2016 workplace accident. Claimant's subsequent request for reconsideration and/or full Board review was denied, prompting these appeals.[FN2]
We affirm. It is well settled that a claimant bears the initial burden of establishing a causal relationship between his or her employment and the claimed disability (see e.g. Matter of Sudnik v Pinnacle Envtl. Corp., 190 AD3d 1067, 1068 [2021]), and we agree with the Board that this burden of proof applies with equal force when such claimant seeks surgical authorization for a procedure allegedly attributable to an established work-related injury (see Matter of Derouchie v Massena W.-WC-Smelter, 160 AD3d 1310, 1311 [2018]; Matter of Oparaji v Books & Rattles, 147 AD3d 1165, 1165 [2017], lv denied 29 NY3d 918[*2][2017]). In this regard, "[t]he Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Oparaji v Books & Rattles, 147 AD3d at 1165 [internal quotation marks and citations omitted]; accord Matter of Park v Corizon Health Inc., 158 AD3d 970, 971 [2018], lv denied 31 NY3d 909 [2018]). The foregoing is true notwithstanding other evidence in the record that could support a contrary conclusion (see Matter of Schmerler v Longwood Sch. Dist., 163 AD3d 1373, 1374-1375 [2018], lv denied 32 NY3d 910 [2018]).
Although claimant takes issue with the Board's characterization of his injury as minor, we cannot say that the Board's assessment was inaccurate. As noted previously, claimant missed less than two weeks of work following the 2016 incident — the specifics of which he consistently was unable to recall — and the diagnostic studies performed shortly after the accident revealed no ligament tears or other serious defect. Similarly, although claimant continued to complain of pain or discomfort and participated in physical therapy until August 2017, he also continued to work during this time. The MRI conducted in 2017 revealed only a small Baker's cyst, and claimant's then-treating orthopedist concluded that claimant's symptoms had "essentially resolved." Indeed, claimant did not seek medical treatment again until January 2019, at which time he reported that he had twice experienced pain while playing volleyball, once four months earlier, when he also felt his knee "pop," and once two days prior to the subject office visit. Under these circumstances, we do not find that the Board mischaracterized the nature or extent of claimant's injury.
As for the issue of causal connection relative to the requested surgery, claimant makes much of the fact that Mann admittedly neither examined claimant nor reviewed the actual 2016, 2017 or 2019 MRI images, relying instead upon the corresponding MRI reports, the findings made by other clinicians and claimant's history as contained in the numerous medical records that Mann reviewed. Although the Board indeed credited Mann's opinion that the requested surgery was not causally related to claimant's 2016 workplace accident, the Board also considered numerous other factors in concluding that claimant failed to meet his burden of establishing the requisite causal relationship. Specifically, the Board cited the minimal lost time initially sustained by claimant, the lack of any significant findings contained on the 2016 MRI, the conclusion that claimant's symptoms had "essentially resolved" as of August 2017 and, notably, the ensuing 17-month gap in treatment, which resumed only when claimant experienced pain after playing volleyball. Strickland opined that her review of the 2017 MRI and the 2019 MRI report revealed a cartilage defect, one "known to be common in firefighters[*3]," that was causally related to claimant's 2016 accident, but the Board found her generalized opinion in this regard to be at odds with the onset and progression of claimant's symptoms and his routine activities. As it is within the province of the Board to evaluate the medical evidence before it (see Matter of Marable-Greene v All Tr., 190 AD3d 1078, 1078 [2021]), we discern no basis upon which to disturb the Board's finding that claimant failed to establish a causal relationship between claimant's work-related accident and the requested surgery. Claimant's remaining arguments, including his assertion that the Board departed from prior precedent in reaching its decision, have been examined and found to be lacking in merit.
Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: "A chondral defect refers to a focal area of damage to the articular cartilage (the cartilage that lines the end of the bones)" (https://www.stanfordhealthcare.org/medicalconditions/
bones-joints-and-muscles/chondral-osteochondral-defect). A popliteal or "Baker's cyst is a fluid-filled cyst that causes a bulge and a feeling of tightness behind [the] knee" (https://www.mayoclinic.org/diseases-conditions/bakers-cyst/symptoms-causes/syc-20369950).

Footnote 2: Claimant's brief makes no mention of the Board's December 2020 denial of his application for reconsideration and/or full Board review and, hence, we deem his appeal from that decision to be abandoned (see Matter of Rho v Beth Israel Med., 194 AD3d 1324, 1325 n [2021], lv denied 37 NY3d 912 [2021]).