Matter of Nunez v Young Men's Christian Assn. of Greater N.Y. (2022 NY Slip Op 06530)

Matter of Nunez v Young Men's Christian Assn. of Greater N.Y.

2022 NY Slip Op 06530

Decided on November 17, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 17, 2022

535140
[*1]In the Matter of the Claim of Fernando Nunez, Appellant,
v
Young Men's Christian Association of Greater New York et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 12, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City (Brian M. Anson of counsel), for Young Men's Christian Association of Greater New York and another, respondents.

Aarons, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed September 13, 2021, which ruled that claimant did not sustain a further causally-related disability after March 24, 2019 and denied authorization for surgery to his lumbar spine, and (2) from a decision of said Board, filed December 15, 2021, which denied claimant's application for reconsideration and/or full Board review.
In July 2018, claimant, a maintenance worker, sustained work-related injuries to his hand, head and back. Claimant returned to work in September 2018. On Sunday, March 24, 2019, claimant bent down to pick something up on the floor at home at which time he became "paralyzed" and "couldn't move." Claimant did not return to work the following day or thereafter and sought medical treatment, which revealed, among other things, that he had a herniated disc at L4-L5 with facet hypertrophy and a bulging disc at L5-S1 with facet hypertrophy. By letter dated July 30, 2019, claimant informed his employer that he was resigning from his position due to a recent diagnosis and illness requiring extended treatment and recovery and that he was unable to perform his duties.
In October 2019, claimant's claim for workers' compensation benefits was established by a Workers' Compensation Law Judge (hereinafter WCLJ) for an injury to his lower back, and the WCLJ directed claimant to produce medical evidence for all periods of causally-related lost time. The employer and its workers' compensation carrier subsequently filed several notice of treatment bill disputes (C-8.1) on the ground that claimant's treatment was not causally related to the July 2018 work injury. Claimant requested a hearing to address his indemnity benefit request for lost time subsequent to March 22, 2019. Following hearings and obtaining deposition testimony, the WCLJ, in an April 2021 reserved decision, found, among other things, that the March 24, 2019 incident at home exacerbated claimant's July 2018 work-related injury and awarded indemnity benefits at the temporary total disability rate for lost time from March 25, 2019 to April 26, 2021 and continuing. Upon administrative review, the Workers' Compensation Board, in a September 2021 decision, modified the decision of the WCLJ, finding that claimant had submitted insufficient and incredible evidence that he had sustained a further causally-related disability subsequent to March 24, 2019. Claimant's subsequent application for reconsideration and/or full Board review was denied in a December 2021 decision. Claimant appeals from both decisions.
We affirm. "Initially, we note that there is no presumption of continuing disability under the Workers' Compensation Law" (Matter of Marable-Greene v All Tr., 190 AD3d 1078, 1078 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Cary v Salem Cent. School Dist., 91 AD3d 1000, 1001 [3d Dept 2012]). "The claimant bears the burden of demonstrating, through competent medical evidence, that the [*2]continued disability is causally related to the work-related injury" (Matter of Marable-Greene v All Tr., 190 AD3d at 1078 [citations omitted]). "The Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Castro v Tishman Speyer Props., 303 AD2d 790, 791 [3d Dept 2003] [internal quotation marks and citations omitted]; see Matter of Cala v PAL Envtl. Safety Corp., 203 AD3d 1367, 1368 [3d Dept 2022]).
Claimant testified that, because of his March 2019 injury, he did not return to work and has not worked in any other job since. Claimant's manager testified that claimant called her in March 2019 about using sick days because he had an accident at home. However, after using sick days, claimant never returned to work. A surgeon who conducted an independent medical examination of claimant in May 2020 testified that, although he diagnosed claimant with a lumbar sprain, claimant did not report to him any prior work accidents or any subsequent injuries, including the March 2019 incident at home, during the examination and that he was unaware of claimant's employment history. That surgeon acknowledged that his medical findings, including his conclusion that claimant's condition was causally related to the July 2018 work-related injury, was based upon an incomplete history, which did not include a reporting of injuries or accidents subsequent to the July 2018 accident. Similarly, a physician who first examined claimant in April 2019 testified that he diagnosed claimant with lumbar radiculopathy and disc herniations at L4-L5 and L5-S1 and that these conditions were directly related to his July 2018 accident at work. The physician, however, conceded that claimant did not inform him about the incident at home on March 24, 2019 and that he was not aware that claimant returned to work after the July 2018 accident. An orthopedic surgeon testified that, when he examined claimant in June 2020, claimant's lumbar condition and disability were attributable to his July 2018 work-related accident. In arriving at that conclusion, he explained that he reviewed diagnostic imaging studies taken on March 26, 2019 but that he did not possess or review any diagnostic imaging studies or medical records from before March 26, 2019. The orthopedic surgeon also stated that he did not know if claimant returned to work after the July 2018 accident and was otherwise unaware of claimant's employment history.
Although the testimony of the medical examiners reflects that they each found claimant's lumbar disability to be causally related to his July 2018 injury, the opinions of those examiners concerning causation were based upon incomplete medical histories and inaccurate reports from claimant regarding both his March 2019 injury at home and his employment history. That said, the Board found these opinions to not be credible. Given that it is within the province of the Board to [*3]evaluate the medical evidence before it (see Matter of Marable-Greene v All Tr., 190 AD3d at 1078), the Board's finding that claimant failed to establish a further causally-related disability will not be disturbed (see Matter of Yolinsky v Village of Scarsdale, 202 AD3d 1262, 1265 [3d Dept 2022]; Matter of Hughes v World Trade Ctr. Volunteer Fund, 166 AD3d 1279, 1280-1281 [3d Dept 2018]; Matter of Valentin v THB Intermediaries Corp., 10 AD3d 826, 828 [3d Dept 2004]; Matter of Castro v Tishman Speyer Props., 303 AD2d at 791).
Turning to claimant's appeal from the Board's denial of his application for reconsideration and/or full Board review, claimant fails to allege or set forth any newly discovered evidence or a material change in condition, and the Board's decision fully considered the issues properly before it. Accordingly, no abuse of discretion exists in the denial of claimant's application (see Matter of Mascali v Town/Vil. of Harrison, 203 AD3d 1424, 1425-1426 [3d Dept 2022]; Matter of Eastman v Glens Falls Hosp., 202 AD3d 1232, 1233 [3d Dept 2022]). Claimant's remaining contentions, to the extent that they are properly before us, have been considered and found to be unavailing.
Lynch, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the decisions are affirmed, with costs.