Matter of Trickey v Black Riv. Plumbing, Heating & A.C., Inc. (2025 NY Slip Op 05133)

Matter of Trickey v Black Riv. Plumbing, Heating & A.C., Inc.

2025 NY Slip Op 05133

Decided on September 25, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 25, 2025

CV-24-0287
[*1]In the Matter of the Claim of Lee Trickey, Appellant,
v
Black River Plumbing, Heating & Air Conditioning, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 11, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Costello, Cooney & Fearon, PLLC, Syracuse (Donald S. DiBenedetto of counsel), for appellant.
Santacrose, Frary & Whiting, Buffalo (Brent Whiting of counsel), for Black River Plumbing, Heating & Air Conditioning, Inc. and another, respondents.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed January 18, 2024, which ruled that an employer-employee relationship existed between claimant and Black River Plumbing, Heating & Air Conditioning, Inc.
In June 2020, claimant, on his first day at the construction site, was installing roof trusses on a pole barn being constructed on property owned by Black River Plumbing, Heating & Air Conditioning, Inc. when the trusses collapsed, causing him to fall 40 feet to the ground and sustain extensive orthopedic and internal injuries. Claimant commenced a personal injury action in Supreme Court against, among others, Black River for his injuries. Black River's workers' compensation carrier filed a request with the Workers' Compensation Board to establish a workers' compensation claim for the accident and sought a ruling that claimant was an employee of Black River at the time of the accident, thereby making workers' compensation benefits the exclusive remedy for his injuries. Claimant, maintaining that he was an independent contractor, filed a "negative" C-3 form with the Board, asserting that he was not an employee of Black River and did not wish to pursue a workers' compensation claim.
Following a hearing and submission of deposition transcripts in connection with the Supreme Court action, the Workers' Compensation Law Judge (hereinafter WCLJ), based upon the presumption of employment in the Construction Industry Fair Play Act (see Labor Law § 861-c), found that claimant was an employee of Black River. Upon administrative appeal, the Board, adopting the findings and decision of the WCLJ, affirmed. This appeal by claimant ensued.
Pursuant to the Construction Industry Fair Play Act, there is "a statutory presumption that a person performing services for a construction contractor shall be classified as an employee unless it is demonstrated that such person is an independent contractor in accordance with the three criteria [known as] the ABC test set forth in Labor Law § 861-c (1) or a separate business entity, which is established by satisfying all 12 criteria set forth in Labor Law § 861-c (2)" (Matter of Truax & Hovey, Ltd. [Commissioner of Labor], 205 AD3d 1243, 1244 [3d Dept 2022]). Whether an employer-employee relationship exists is a question of fact for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (see Matter of Hernandez v KNS Bldg. Restoration, Inc., 180 AD3d 1129, 1130 [3d Dept 2020]).
Although the Board determined that claimant's framing business did not satisfy the 12-factor criteria to demonstrate a separate business entity in order to rebut the presumption of an employer-employee relationship, our review of the Board's decision reflects that it did not set forth sufficient findings of fact regarding its assessment of whether the three-part ABC test was satisfied in order to determine if claimant himself was an independent contractor. To that end, to establish a person [*2]as an independent contractor under the three-part ABC test, it must be demonstrated that "(a) the individual is free from control and direction in performing the job, both under his or her contract and in fact; (b) the service must be performed outside the usual course of business for which the service is performed; and (c) the individual is customarily engaged in an independently established trade, occupation, profession, or business that is similar to the service at issue" (Labor Law § 861-c [1]).
The Board found that Black River was acting as a general contractor in the construction of the pole barn notwithstanding that such activity was outside the normal operations of its heating and plumbing business. In addition, it noted that claimant was "sought out for the truss installation" — which the record demonstrates was an area of work in which claimant was normally engaged. Although not specifically noted by the Board, these findings appear to satisfy the last two prongs of the ABC test. As for direction and/or control of the work, the hearing and deposition testimony, which was thoroughly summarized in the WCLJ's decision that was adopted by the Board, contained conflicting testimony as to who was directing and/or controlling the installation of the roof trusses. Other than the Board noting that Andy Converse, who was an employee of Black River for purposes of installing the trusses and had contacted claimant for the job, "believed he would be directing and controlling" the truss installation,[FN1] the Board did not specifically resolve the conflicting testimony as to who actually controlled and/or directed the installation of the roof trusses.[FN2] In our view, given the limited findings by the Board, it is unclear whether the Board considered the ABC factors in determining that claimant's status as an employee was not rebutted. As such, and aware that the role of this Court is not to independently review and weigh the conflicting evidence to determine whether the various factors of the ABC test (see Matter of Barrier Window Sys., Inc. [Commissioner of Labor], 149 AD3d 1373, 1377 [3d Dept 2017]) — including who directed and controlled the work being performed in installing the trusses — were met, the Board's decision is not supported by substantial evidence and the matter must be remitted to the Board for proper consideration of whether the ABC test was satisfied in order to rebut the presumption of an employer-employee relationship.
Clark, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Converse testified that, although he tried to control the truss installation work on the day of the accident, he was undermined by Chip Vaadi and John Turpin, other members of the crew that were installing the trusses, who took control of the project.

Footnote 2: In support of the Board's decision, Black River asserts that the evidence reflects that Chip Vaadi, who Converse contacted as part of the crew to install the trusses and whom Black River claims was not an employee, was the person who directed and controlled the installation of the roof trusses when the accident occurred.