Matter of Hughes v Ferreira Constr. Co., Inc. (2021 NY Slip Op 00599)





Matter of Hughes v Ferreira Constr. Co., Inc.


2021 NY Slip Op 00599


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

529790

[*1]In the Matter of the Claim of Sharon Hughes, Appellant,
v
Ferreira Construction Company, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: January 7, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.


Law Office of Heather N. Kaplan, PC, Port Jefferson Station (Heather N. Kaplan of counsel), for appellant.
Foley, Smit, O'Boyle & Weisman, New York City (Theresa E. Wolinski of counsel), for Ferreira Construction Company, Inc. and another, respondents.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed January 22, 2019, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified her from receiving future indemnity benefits.
In November 2017, claimant was working as a flagger at a road construction site when she was struck by a motor vehicle. Her claim for workers' compensation benefits was thereafter established for injuries to her neck and back. Prima facie evidence of concussion, postconcussion syndrome and left shoulder injury was also found and the case was continued for independent medical examinations and depositions. Following a hearing, during which the employer and its workers' compensation carrier raised the issue of whether claimant had violated Workers' Compensation Law § 114-a, the Workers' Compensation Law Judge ruled, among other things, that claimant had not violated Workers' Compensation Law § 114-a and the claim was amended to include a left shoulder injury and postconcussion syndrome. On administrative appeal, the Workers' Compensation Board modified, finding that the claim was properly amended to include postconcussion syndrome and a left shoulder contusion, but found no causally-related disability attributable to these injuries and that the injuries had resolved. The Board also found that claimant sustained no further causally-related disability related to her neck and back claim as of June 30, 2018. Finally, the Board determined that claimant had violated Workers' Compensation Law § 114-a and was subject to the mandatory penalty of forfeiture of benefits and imposed the discretionary penalty disqualifying her from receiving future wage replacement benefits as well. Claimant appeals.
We affirm. "So long as the Board's determination is supported by substantial evidence it will be upheld" (Matter of Gilman v Champlain Val. Physicians Hosp., 23 AD3d 860, 861 [2005] [citations omitted]; accord Matter of Johnson v Adams & Assoc., 140 AD3d 1552, 1553 [2016]). In finding that claimant has no further causally-related disability, the Board credited the medical opinion of the carrier's consulting orthopedic surgeon, Robert Moriarty, who examined claimant on June 30, 2018. As a result of his examination and a review of claimant's medical records, including multiple MRI results, which he found to be essentially normal with certain age-related issues, Moriarty opined that claimant had sustained cervical and lumbar strains that had since resolved. He further opined that claimant was feigning her symptoms. Moriarty concluded that claimant did not have a causally-related disability of the neck or back at that time. Similarly, the Board credited the opinion of claimant's neurologist, Myassar Zarif, who diagnosed claimant as suffering from postconcussion syndrome in December 2017. Zarif testified in October 2018, however, that claimant's postconcussion syndrome had resolved by that time. On December 5, 2017, orthopedic [*2]surgeon Jeffrey Mait, the only medical expert in the record who examined claimant's left shoulder, noted that X rays of the shoulder revealed no abnormalities and diagnosed only a contusion. In our view, substantial evidence supports the Board's determination that claimant does not have any further causally-related disabilities stemming from the November 2017 accident (see Matter of Kemraj v Garelick Farms, 164 AD3d 1504, 1504-1505 [2018]; Matter of Turner v Jaquith Indus., Inc., 73 AD3d 1405, 1406 [2010]).
Turning to the penalties assessed, Workers' Compensation Law § 114-a (1) provides that a claimant who, for the purpose of obtaining workers' compensation benefits, or to influence any determination related to payment, "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." "[A]n omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Kodra v Mondelez Intl., Inc., 145 AD3d 1131, 1133 [2016]; accord Matter of Galeano v International Shoppes, 171 AD3d 1416, 1418 [2019]). Moreover, "a false statement or material misrepresentation has been found to include a claimant's exaggeration of his or her symptoms and/or injuries" (Matter of Rosario v Consolidated Edison Co. of N.Y. Inc., 174 AD3d 1186, 1187 [2019]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Angora v Wegmans Food Mkts., Inc., 171 AD3d 1419, 1420 [2019] [internal quotation marks and citations omitted]; see Matter of Petrillo v Comp USA, 131 AD3d 1282, 1283 [2015]).
The record reflects that, although it is undisputed that claimant had suffered a compensable work-related injury to her neck and back in 2010 while working for a different employer, she failed to inform several medical providers of this prior injury, including both of the carrier's consulting medical examiners and one of her neurologists. Further, the record is replete with findings by various medical providers that her claimed symptoms did not match their clinical findings and that claimant was feigning or exaggerating her symptoms — including exhibiting a facial droop that resolved once claimant was distracted and claiming a left-foot drop that was not supported by imaging studies or clinical findings. During one emergency room examination, claimant demanded to have surgery on her neck, back and left foot. At the examination, claimant was observed dragging her right foot, despite claiming a left-foot drop, and pouring coffee into a basin to make it appear as if she had vomited. This resulted in her behavior being characterized in the emergency room report as "manipulative" and "drug seeking." Further, the record contains expressed [*3]symptoms of numbness and weakness of the upper extremity that, according to Moriarty, were nonphysiological and "nonsensical" in nature, in that they "did not follow any nerve patterns and appear[ed] to vary with repeat examination attempts." Although claimant contends that, due to a prior bipolar disorder diagnosis she did not have the mental capacity to knowingly make a false statement or representation in violation of Workers' Compensation Law §
114-a, there is no qualified psychiatric opinion in the record supporting her contention.[FN1] In light of the foregoing, we find that substantial evidence supports the Board's finding that claimant made misrepresentations in violation of Workers' Compensation Law § 114-a (see Matter of Swiech v City of Lackawanna, 174 AD3d 1001, 1003-1004 [2019]; Matter of Jordan v Saratoga County Pub. Health Nurses, 45 AD3d 1074, 1075 [2007]).
Finally, the Board presented a thorough explanation for imposing the discretionary penalty of permanent disqualification from future wage replacement benefits, an explanation that is supported by the record. As such, we cannot conclude that the penalty was disproportionate to claimant's misrepresentations (see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 267 [2003]; Matter of Poupore v Clinton County Hwy. Dept., 138 AD3d 1321, 1324 [2016]; Matter of Hammes v Sunrise Psychiatric Clinic, Inc., 66 AD3d 1252, 1253 [2009]).
Garry, P.J., Egan Jr., Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Moriarty opined that claimant suffers from Munchausen syndrome but, as an orthopedic surgeon, he admittedly was not qualified to make such a diagnosis.