Matter of Takacs v Kraft Foods Group Inc. (2021 NY Slip Op 02212)





Matter of Takacs v Kraft Foods Group Inc.


2021 NY Slip Op 02212


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

531979
[*1]In the Matter of the Claim of Christina Takacs, Claimant,
v
Kraft Foods Group Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:March 9, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Goldberg Segalla LLP, Syracuse (Cory A. DeCresenza of counsel), for appellants.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for respondent.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed February 13, 2020, which ruled that claimant did not violate Workers' Compensation Law § 114-a.
In February 2015, claimant stopped working for the employer as a result of disabling back problems. The problems were found to be work related and resulted in an award of workers' compensation benefits at varying rates. Claimant recorded her efforts to find work within her medical restrictions from 2018 onward, and an attempt to verify the logged job applications could not confirm that she had submitted some of them and revealed that she had submitted others with someone else's resumÉ attached. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) then argued, as is relevant here, that claimant had made knowing misrepresentations regarding her attachment to the labor market and that she should be disqualified from receiving further benefits pursuant to Workers' Compensation Law § 114-a. Following hearings, the Workers' Compensation Law Judge disagreed. The Workers' Compensation Board affirmed, prompting this appeal by the carrier.
We affirm. "[A] claimant who, for the purpose of obtaining workers' compensation benefits, or to influence any determination related to payment, 'knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation'" (Matter of Hughes v Ferreira Constr. Co., 191 AD3d 1053, 1055 [2021], quoting Workers' Compensation Law § 114-a [1]; see Matter of Calabrese v Fortini Inc., 179 AD3d 1279, 1280 [2020]). Here, although some of the potential employers had no record of receiving job applications in claimant's name, claimant testified that she submitted every logged job application and provided emails confirming that some of them had been received. Claimant further testified that she did not deliberately attach someone else's resumÉ to any of her job applications — applications that were, it should be noted, all in her name — and did not know how that had occurred. She provided proof pointing to her acknowledged lack of computer savvy as the culprit, however, testifying that the resumÉ attached to some of her online applications was a template saved in the same location as her actual resumÉ and documenting that she had failed to sign into her job search website account before submitting other applications on a public computer. The Board was free to credit this proof that claimant made mistakes in conducting her job search without knowingly misrepresenting any material fact about it and, despite the existence of proof in the record that could support a different result, such constitutes substantial evidence for the determination that she did not violate Workers' Compensation Law § 114-a (1) (see Matter of Cruz v Buffalo Bd. of Educ., 138 AD3d 1316, 1318 [2016]; Matter of Borgal v [*2]Rochester-Genesee Regional Transp. Auth., 108 AD3d 914, 915-916 [2013]; Matter of Dory v New York State Elec. & Gas Corp., 64 AD3d 848, 849 [2009]).
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.