Matter of Cardona v DRG Constr. LLC (2021 NY Slip Op 04527)





Matter of Cardona v DRG Constr. LLC


2021 NY Slip Op 04527


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

532601
[*1]In the Matter of the Claim of Alex Adonias Pinto Cardona, Claimant,
v
DRG Construction LLC et al., Respondents, and Avitus Inc. et al., Appellants, and PCCI Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:June 1, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Goldberg Segalla LLP, Syracuse (Cory A. DeCresenza of counsel), for appellants.
Davis & Morehouse, Hicksville (Christine Morehouse of counsel), for PCCI Corp. and others, respondents.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed March 27, 2020, which ruled, among other things, that American Zurich Insurance Company was responsible for the payment of claimant's workers' compensation benefits.
In 2018, claimant was part of a construction crew lifting a home off of its foundation and was injured when it collapsed. After claimant filed a workers' compensation claim, a dispute arose as to whether he was an employee of DRG Construction LLC, the subcontractor handling the house lifting work. Claimant's relationship with DRG was further relevant as to whether he was also an employee of Avitus Inc., a professional employer organization (hereinafter PEO) to which DRG had "outsource[d] its payroll and human resources responsibilities," including those related to workers' compensation, for certain employees (Tri-State Empl. Servs. v Mountbatten Sur. Co., 99 NY2d 476, 481 [2003]). Following development of the record, a Workers' Compensation Law Judge established the claim and determined both that Avitus was a proper employer and that American Zurich Insurance Company, the issuer of the workers' compensation insurance policy obtained by Avitus, was the responsible carrier. The Workers' Compensation Board affirmed upon administrative review, and Avitus and American Zurich appeal.
Substantial evidence supports the Board's determination that an analysis of the pertinent factors — including the right to control a putative employee's work and set his or her work schedule, the manner in which wages are paid, the right to discharge, the provision of equipment and the nature of the work — reveals an employer-employee relationship between DRG and claimant (see Matter of Hernandez v KNS Bldg. Restoration, Inc., 180 AD3d 1129, 1130 [2020]; Matter of Colamaio-Kohl v Task Essential Corp., 157 AD3d 1103, 1104-1105 [2018]). The Board acknowledged that an examination of those factors did not support a similar finding for Avitus, and therefore considered whether Avitus was an employer under the provisions of the New York Professional Employer Act (see Labor Law art 31), which sets forth circumstances under which a PEO and its business client co-employ an individual for workers' compensation purposes. In particular, when a PEO enters into a professional employment agreement with a client, it assumes the responsibility to "secure and provide required workers' compensation coverage for . . . worksite employees" (Labor Law § 922 [3] [c]) who "hav[e] an employment relationship with both the [PEO] and the client" (Labor Law § 916 [6]). The PEO is then, with its client, "considered [the] employer for the purpose of coverage under the [W]orkers' [C]ompensation [L]aw" (Labor Law § 922 [4]; see Labor Law § 916 [3] [d]). The dispute here involves whether Avitus owed those responsibilities to claimant despite its claim that he was not a covered employee under its agreement with DRG.
A state-specific addendum modifying the agreement between Avitus and DRG specified that the former was "co-employ[ing] all or a majority of [the latter's] employees" as required [*2]by the New York Professional Employer Act (see Labor Law § 916 [3] [a]). Although a list of the purportedly covered employees was provided that did not include claimant's name, there was no affidavit or testimony establishing that the list was comprehensive or that it limited the scope of the workers' compensation insurance policy secured from American Zurich.[FN1] Indeed, the policy itself named DRG in the schedule of insureds, listed "BUILDING RAISING OR MOVING — ALL EMPLOYEES — ALL OPERATIONS TO COMPLETION & DRIVERS" under the classification of operations, and provided no detail as to who was co-employed by Avitus and DRG and thereby entitled to coverage. Thus, Avitus and American Zurich "failed to clearly establish that claimant was not a leased employee covered by the policy and, accordingly, did not 'satisfy the burden which [they bore] of establishing that the exclusions or exemptions apply in the particular case' so as to avoid coverage of claimant" (Matter of Gaylord v Buffalo Transp., Inc., ___ AD3d ___, ___, 2021 NY Slip Op 03644, *3 [2021], quoting Seaboard Sur. Co. v Gillette Co., 64 NY2d at 311; see Workers' Compensation Law § 54 [4]; Matter of Cerbasi v County Metal & Glass, Inc., 115 AD3d 1084, 1085 [2014]).
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Avitus and American Zurich were prepared to present testimony as to the general process by which Avitus would co-employ one of its client's employees, but there was no indication that the witness had specific information about the contract between Avitus and DRG or could confirm whether claimant was co-employed under its terms.