Matter of Mogilevsky v New York City Tr. Auth. (2022 NY Slip Op 01088)





Matter of Mogilevsky v New York City Tr. Auth.


2022 NY Slip Op 01088


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

533323
[*1]In the Matter of the Claim of Mark Mogilevsky, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:January 4, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Schotter, Millican, Sinaniyeva & Masilela, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Jones Jones LLC, New York City (David Secemski of counsel), for New York City Transit Authority, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed October 14, 2020, which ruled that claimant sustained a causally-related 3.3% schedule loss of use for binaural hearing loss.
Claimant worked for the employer as a train car inspector for 20 years. After claimant retired, he filed a claim for workers' compensation benefits alleging that he sustained an occupational hearing loss due to prolonged and repeated exposure to loud noise while working. Following a hearing, a Workers' Compensation Law Judge established the claim and concluded that claimant suffered a 3.3% schedule loss of use for binaural hearing loss. The Workers' Compensation Board affirmed and claimant appeals.
The Board is vested with the authority to weigh conflicting medical evidence and to credit the opinion of one medical expert over another (see Matter of Byrnes v New Is. Hospital, 167 AD3d 1128, 1129 [2018]; Matter of Park v Corizon Health Inc., 158 AD3d 970, 972 [2018], lv denied 31 NY3d 909 [2018]). The record reflects that claimant was examined by otolaryngologist Michael Alleva in October 2019. Alleva ordered an audiogram and concluded that claimant had a binaural hearing loss of 45.3% that was causally related to his employment. Alvin Katz, an otolaryngologist who examined claimant on behalf of the employer in January 2020, performed an audiogram and opined that claimant had a 3.3% binaural hearing loss.[FN1] Both experts relied on the Board's formula for converting decibels into percentages in reaching their conclusions as to claimant's occupational loss of hearing (see Workers' Compensation Guidelines for Determining Impairment § 11.2.1, at 62 [2018]). The Board chose to reject Alleva's opinion in toto on the basis that "he failed to credibly explain how . . . claimant, who lost almost 50% of his hearing, was able to work with no deficits until June of 2019."
Although "[t]he Board's authority in assessing the credibility of witnesses includes the power to selectively adopt or reject portions of a medical expert's opinion, . . . as with any administrative determination, the Board's decision in this regard must be supported by substantial evidence" (Matter of Smith v Bell Aerospace, 125 AD2d 140, 142 [1987] [internal citation omitted]). There is no evidence in the record that Alleva was asked to explain how claimant was able to work with a 45.3% loss of hearing. Nor is there any evidence in the record that the issue of whether claimant's hearing loss would have affected his job performance was ever raised by either party or their medical experts before the Workers' Compensation Law Judge.[FN2] In light of the dearth of evidence supporting the conclusions reached by the Board, we cannot say that its decision was supported by substantial evidence in the record.
Egan Jr., J.P., Lynch and Pritzker, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent [*2]with this Court's decision.



Footnotes

Footnote 1: Although Katz attributed 2% of this hearing loss to claimant's comorbid conditions, the Board rejected any reduction of claimant's schedule loss of use on that basis.

Footnote 2: In his report, Katz references that claimant indicated that his hearing had been tested periodically by the employer and that he was allowed to return to work following the tests. According to the report, claimant advised that the last time his hearing was tested by the employer was six or seven years prior to Katz's January 2020 examination.