Matter of Oberg v Consolidated Edison Co. of N.Y., Inc. (2022 NY Slip Op 07112)

Matter of Oberg v Consolidated Edison Co. of N.Y., Inc.

2022 NY Slip Op 07112

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

534402
[*1]In the Matter of the Claim of Donald Oberg, Appellant,
v
Consolidated Edison Company of New York, Inc., Respondent. Workers' Compensation Board, Respondent.

Calendar Date:November 21, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

The Perecman Firm, PLLC, New York City (Edward Guldi of counsel), for appellant.
Cherry, Edson & Kelly, LLP, Melville (Ashley Pomes of counsel), for Consolidated Edison Company of New York, Inc., respondent.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed October 8, 2021, which denied claimant's request to amend his claim to include bilateral shoulder injuries.
Claimant, an automobile mechanic, has an established claim for injuries to his neck as a result of a work-related motor vehicle accident in August 2020. Claimant also alleged bilateral shoulder injuries. Claimant was examined in October 2020 by Vito Loguidice, an orthopedic surgeon who prepared an independent medical examination report finding that claimant had a causally-related cervical sprain and that, although he had range of motion deficits in his shoulders, his shoulder pain originated in his neck and there were no causally-related shoulder injuries. Loguidice testified consistent with his report and concluded, based upon the examination, the surveillance video of the accident and the mechanism of injury, i.e., being struck on the driver's side by another vehicle, that his shoulder injuries were not consistent with or caused by the accident. Meanwhile, claimant's treating orthopedist, Joseph Giovinazzo, diagnosed him with cervical radiculopathy and bilateral rotator cuff labral tears. Giovinazzo later testified consistent with that finding, opining that claimant's injuries, including his bilateral shoulder injuries, were causally-related to the accident. Loguidice conducted a second examination of claimant in March 2021, again concluding, as relevant here, that his bilateral shoulder condition was not causally related to the accident.
A Workers' Compensation Law Judge (hereinafter WCLJ) credited the opinion of Giovinazzo that claimant had sustained causally-related bilateral shoulder injuries, amended the claim to include bilateral shoulder injuries and made awards at the temporary partial disability rate. On administrative appeal, the Workers' Compensation Board reviewed the medical evidence and testimony and the video of the accident, and credited the opinion of Loguidice that claimant's shoulder injuries were not causally related to the accident. As such, the Board rescinded the WCLJ's amendment of the claim to include bilateral shoulders. Claimant appeals.
"[T]he Board has the exclusive province to resolve conflicting medical opinions and to evaluate medical evidence before it, and its factual determinations on causal relationship will not be disturbed if supported by substantial evidence in the record" (Matter of Sequino v Sears Holdings, 206 AD3d 1408, 1410 [3d Dept 2022] [internal quotation marks and citation omitted]). To that end, the Board may "credit the opinion of one medical expert over another" (Matter of Mogilevsky v New York City Tr. Auth., 202 AD3d 1353, 1354 [3d Dept 2022]), and is free "to adopt or reject portions of a medical expert's opinion" (id. [internal quotation marks and citation omitted]; see Matter of Harmon v Office of Children & Family Servs., 206 AD3d 1214, 1215 [3d Dept 2022]). The Board is not bound by the credibility or factual findings [*2]of the WCLJ (see Matter of White v SEG Maintenance, Inc., 205 AD3d 1257, 1259 [3d Dept 2022]; Matter of Garland v New York City Dept. of Corr., 204 AD3d 1198, 1199 [3d Dept 2022]).
Substantial evidence supports the Board's determination. Contrary to claimant's contentions, the Board relied on the medical opinion and testimony of Loguidice, and explained its reasons for doing so (compare Matter of Sequino v Sears Holdings, 206 AD3d at 1410). Most notably, the Board credited Loguidice's testimony that it would be unusual for claimant's impingement injuries, normally the product of overhead activities, to have been caused by this accident. The Board further found that the video of the accident did not depict claimant being "jerked or otherwise moved around in such a way as to result in the diagnosed shoulder injuries" and, as a result, Giovinazzo's attribution of claimant's shoulder tears to this accident was not explained. In view of the foregoing, and according deference to the Board's assessments of credibility, substantial evidence supports its decision to disallow claimant's request to amend his claim in the manner sought. Claimant's remaining contentions need not be addressed.
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.