Matter of Brown v Buffalo Transp., Inc. (2023 NY Slip Op 04468)

Matter of Brown v Buffalo Transp., Inc.

2023 NY Slip Op 04468

Decided on August 31, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 31, 2023

533111
[*1]In the Matter of the Claim of Tara Brown, Respondent,
v
Buffalo Transportation, Inc., Respondent, and Southeast Personnel Leasing, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:August 17, 2023

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Chartwell Law, New York City (Adam T. Devine of counsel), for appellants.
Dolce Panepinto, Buffalo (Holly L. Schoenborn of counsel), for Tara Brown, respondent.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed September 10, 2020, which ruled, among other things, that State National Insurance Company, Inc. is the liable workers' compensation carrier.
In 2018, claimant filed a claim for workers' compensation benefits for injuries she sustained in a motor vehicle accident during the course of her employment as a medical driver, listing Buffalo Transportation, Inc. as her employer. State National Insurance Company, Inc. was identified as providing workers' compensation coverage for Southeast Personnel Leasing, Inc. (hereinafter SPLI) pursuant to a 2017 employee leasing agreement between Buffalo Transportation and SPLI. The Workers' Compensation Board indexed the claim against Buffalo Transportation, as the employer, and State National, as the carrier. SPLI and State National denied the claim, alleging that the policy had been canceled and that claimant was not a leased employee under the leasing agreement between Buffalo Transportation and SPLI. Following further investigation by the Board's Bureau of Compliance, another entity and its workers' compensation carrier were placed on notice as a potential employer and responsible carrier.
Following extensive hearings on the resolution of employer-employee relationship, proper employer and carrier entities, and coverage, the Board, in a decision filed September 10, 2020, affirmed the reserved decision of a Workers' Compensation Law Judge ruling that claimant was an employee of Buffalo Transportation at the time of the accident, that State National was the liable carrier and that State National's policy was in effect at the time of the accident. SPLI and State National appeal.
This Court has been informed that after the instant appeal was perfected, the Board, in a decision filed May 13, 2022, among other things, amended its September 10, 2020 decision and analyzed the matter in accordance with the standard subsequently enunciated by this Court in Matter of Cardona v DRG Constr. LLC (196 AD3d 988 [3d Dept 2021]) and Matter of Gaylord v Buffalo Transp., Inc. (195 AD3d 1200 [3d Dept 2021]). To that end, the Board amended its prior decision by, as is relevant here, modifying the reserved decision of the Workers' Compensation Law Judge to find that claimant is not a leased/worksite employee from SPLI to Buffalo Transportation and, therefore, not covered under State National's workers' compensation policy; to rescind the finding that State National was liable for the claim; and to omit the analysis and finding regarding State National's policy cancellation. In view of the Board's amended decision, the instant appeal is moot as SPLI and State National are no longer aggrieved, and the matter must be dismissed (see Matter of McCrea v City of Buffalo, 209 AD3d 1253, 1254 [3d Dept 2022]; Matter of Pendock v Matrix Communications Group, 148 AD3d 1505, 1506-1507 [3d Dept 2017]).
Garry, P.J., Egan Jr., Clark and Fisher, JJ., concur.
ORDERED that the [*2]appeal is dismissed, as moot, without costs.