Matter of Brown v Buffalo Transp., Inc. (2023 NY Slip Op 06422)

Matter of Brown v Buffalo Transp., Inc.

2023 NY Slip Op 06422

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

536090
[*1]In the Matter of the Claim of Tara Brown, Respondent,
v
Buffalo Transportation, Inc., Appellant, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 16, 2023

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and Mackey, JJ.

The Law Offices of Melissa A. Day, PLLC, Amherst (Brian K. Prince of counsel), for appellant.
Dolce Panepinto, Buffalo (Holly L. Schoenborn of counsel), for Tara Brown, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.
Lois Law Firm LLC, New York City (Addison O'Donnell of counsel), for Trion Solutions L/C/F A-1 Express, Inc. and another, respondents.
Chartwell Law, New York City (Adam T. Devine of counsel), for State National Insurance Company, respondent.

Mackey, J.
Appeal from an amended decision of the Workers' Compensation Board, filed May 13, 2022, which ruled, among other things, that claimant was an employee of Buffalo Transportation, Inc.
The underlying facts are more fully set forth in this Court's prior decision in this matter (219 AD3d 1096 [3d Dept 2023]). In 2017, Buffalo Transportation, Inc. entered into a client leasing agreement with Southeast Personnel Leasing, Inc. (hereinafter SPLI), a registered professional employment organization (hereinafter PEO) (see Labor Law § 916 [3], [4]). Pursuant to the terms of that agreement, SPLI provided workers' compensation coverage for all leased employees, which it obtained through State National Insurance Company, and Buffalo Transportation was required to provide such insurance for any employees not covered by the terms of the leasing agreement.
In 2018, claimant filed a claim for workers' compensation benefits for injuries she sustained in a motor vehicle accident during the course of her employment as a medical transport driver. The C-3 form filed by claimant identified her employer as Buffalo Transportation, Inc., and the Workers' Compensation Board indexed the claim against Buffalo Transportation (as the employer) and State National (as the carrier). SPLI and State National denied the claim, alleging that the subject workers' compensation policy had been canceled and, further, that claimant was not a leased employee pursuant to the terms of the agreement.
Following investigation by the Board's Bureau of Compliance and extensive hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that claimant was an employee of Buffalo Transportation at the time of the accident, that State National, in its capacity as carrier for a PEO, was the responsible carrier (see Labor Law § 922 [3] [a], [c]; [4]) and that the workers' compensation coverage it provided to SPLI was in effect at the time of claimant's accident. By decision filed September 10, 2020, the Board affirmed the WCLJ's decision.
SPLI and State National appealed that decision to this Court and thereafter filed an application for a rehearing/reopening with the Board. By amended decision filed May 13, 2022, the Board denied the application for a rehearing/reopening but reanalyzed and amended its prior decision in light of this Court's decisions in Matter of Cardona v DRG Constr. LLC (196 AD3d 988 [3d Dept 2021]) and Matter of Gaylord v Buffalo Transp., Inc. (195 AD3d 1200 [3d Dept 2021]). In so doing, the Board, among other things, agreed that claimant was an employee of Buffalo Transportation but also concluded that SPLI had tendered sufficient credible evidence that claimant was not a leased employee and, hence, was not covered under the workers' compensation policy issued to SPLI by State National. The Board modified the WCLJ's decision accordingly and, as Buffalo Transportation did not have workers' compensation coverage at the time of claimant's accident, placed [*2]the Uninsured Employers' Fund on notice and remitted the matter for, among other things, the imposition of appropriate penalties against Buffalo Transportation.
In light of the Board's amended decision, as a result of which SPLI and State National no longer were aggrieved, this Court dismissed their appeal from the Board's 2020 decision as moot (219 AD3d at 1096). In the interim, Buffalo Transportation filed the instant appeal from the Board's amended decision, contending, among other things, that it was not claimant's employer and, in any event, that State National remained the liable carrier.
Preliminarily, to the extent that Buffalo Transportation argues that the Board's modification of its September 2020 decision was undertaken "without a rational reason," we note that, pursuant to Workers' Compensation Law § 123, the Board "has continuing jurisdiction over matters before it that includes the power of modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just" (Matter of Garratt-Chant v Gentiva Health Servs., 179 AD3d 1421, 1424 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Jennings v Stop & Shop, 210 AD3d 1272, 1274 [3d Dept 2022], lv denied 39 NY3d 911 [2023]). As to the merits, both claimant and the Board note that Buffalo Transportation neither sought review of the WCLJ's decision finding that claimant was an employee of Buffalo Transportation at the time of her accident nor appealed the Board's initial decision reaching the same conclusion. Inasmuch as the Board's amended decision, from which Buffalo Transportation now appeals, did not modify either the WCLJ's or its prior findings in this regard, we agree with claimant and the Board that Buffalo Transportation's challenge to the existence of an employment relationship is not properly before us (see e.g. Matter of Brennan v Village of Johnson City, 98 AD3d 1199, 1199 [3d Dept 2012], lv dismissed 20 NY3d 998 [2013]).[FN1]
Buffalo Transportation next contends that SPLI failed to tender sufficient evidence to demonstrate that claimant was excluded from the workers' compensation coverage provided under the policy issued by State National. We disagree. As this Court observed in Gaylord, when SPLI entered into a professional employment agreement with Buffalo Transportation, it " 'agree[d] to co-employ all or a majority of the employees providing services for [that] client' " (Matter of Gaylord v Buffalo Transp., Inc., 195 AD3d at 1201, quoting Labor Law § 916 [3] [a]). In so doing, and in its status as a PEO, SPLI "assume[d] many of the rights and responsibilities of an employer, including the responsibility to 'secure and provide required workers' compensation coverage for its worksite employees either in its own name or in its client's name' " (Matter of Gaylord v Buffalo Transp., Inc., 195 AD3d at 1201-1202, quoting Labor Law § 922 [3] [c]). "A worksite employee is a person having an employment [*3]relationship with both the PEO and the client and, by statute, both the client and the PEO are considered to be the employer for the purpose of coverage under the Workers' Compensation Law" (Matter of Gaylord v Buffalo Transp., Inc., 195 AD3d at 1202 [internal quotation marks, brackets and citations omitted]). As a general proposition, workers' compensation insurance policies "extend to all employees who are employed during the policy period in question and not shown to be excluded" (id. [internal quotation marks and citations omitted]). Accordingly, SPLI and State National bore the burden of establishing that claimant was not a leased employee covered by the underlying workers' compensation policy in this particular case (see id. at 1203).
As the Board acknowledged, both the policy provided by State National, which identified the named insured as "[SPLI] L/C/F for Buffalo Transportation, Inc.," and the workers' compensation classification schedule contained therein, which listed "BUS COMPANY — ALL OTHER EMPLOYEES & DRIVERS" under the classification of operations, mirrored the policy at issue in Gaylord. Similarly, as in Gaylord, although the employee master file submitted by SPLI does not list claimant as a leased employee for Buffalo Transportation,[FN2] it also does not purport to be a comprehensive list of all SPLI employees leased to Buffalo Transportation, nor is there any indication that such list was incorporated into or otherwise attached to the relevant workers' compensation policy. That said, we agree with the Board that the testimony offered by Buffalo Transportation's representatives and, more importantly, the testimony provided by a witness familiar with SPLI's leasing agreements, was sufficient to establish that claimant was not a leased employee covered by the policy, thereby distinguishing this matter from Gaylord.
In this regard, both the president and a vice president of Buffalo Transportation testified that claimant was not a leased employee of SPLI. Although those witnesses also insisted that claimant was not employed by Buffalo Transportation, the Board is not required to either accept or reject a witness' testimony in its entirety (see generally Matter of Mogilevsky v New York City Tr. Auth., 202 AD3d 1353, 1354 [3d Dept 2022]). More to the point, the Board found persuasive the testimony offered by a witness who appeared on behalf of SPLI and State National. The witness, who was familiar with the leasing agreement between Buffalo Transportation and SPLI, unequivocally testified that at no point during the course of that agreement did claimant apply to be a leased employee of SPLI, nor was she in fact a leased employee of SPLI. "[A]s the sole arbiter of witness credibility, the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Saporito v Office of Ct. Admin., 217 AD3d 1031, 1033 [3d Dept 2023] [internal quotation marks [*4]and citations omitted]; see Matter of Leon v Monadnock Constr. Inc., 208 AD3d 1415, 1416 [3d Dept 2022]). Contrary to Buffalo Transportation's assertion, such testimony both distinguishes this matter from Gaylord and constitutes substantial evidence to support the Board's decision. Accordingly, the Board's decision is affirmed. The remaining arguments raised by Buffalo Transportation, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the amended decision is affirmed, without costs.

Footnotes

Footnote 1: Although the Board's amended decision made findings of fact in this regard, such findings were in response to an argument raised by the carrier for another entity. In any event, and to the extent that claimant's status as employee of Buffalo Transportation could be relevant or otherwise related to that entity's present argument that claimant actually was a leased employee of SPLI, the Board's finding that claimant was an employee of Buffalo Transportation is supported by substantial evidence in the record as a whole — notwithstanding other evidence that could support a contrary conclusion (see e.g. Matter of Sheehan v Nationwide Ct. Servs., Inc., 178 AD3d 1246, 1247 [3d Dept 2019]).

Footnote 2: Although SPLI's files do reference a similarly-named individual, that person has a different middle initial and resides out of state. Hence, it is clear that the individual appearing in SPLI's records is not claimant.