Matter of Ghaffour v New York Black Car Operators (2024 NY Slip Op 00660)

Matter of Ghaffour v New York Black Car Operators

2024 NY Slip Op 00660

Decided on February 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 8, 2024

535472
[*1]In the Matter of the Claim of Radouane Ghaffour, Appellant,
v
New York Black Car Operators, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:January 9, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Mackey, JJ.

George Poulos, Astoria, for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York Black Car Operators, respondent.

Mackey, J.
Appeal from a decision of the Workers' Compensation Board, filed November 4, 2021, which, among other things, ruled that claimant had no further causally-related disability.
Claimant, a driver for the self-insured employer, was in a motor vehicle accident on March 1, 2017 and filed a claim for workers' compensation benefits for causally-related injuries. His claim was later established for injuries to his back, neck and shoulders and for posttraumatic headaches, and he received tentative reduced earnings awards. Claimant returned to work as a driver for another company in approximately June or July 2018. Following hearings, independent medical examinations and the deposition testimony of various treatment providers and medical consultants, who reached differing conclusions regarding, among other things, whether claimant had a permanent disability, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had sustained permanent injuries. Crediting the opinion of Eial Faierman, claimant's treating orthopedist, over that of Arthur Canario, a board-certified orthopedist and the employer's medical consultant, the WCLJ found that claimant's causally-related permanent injuries included a cervical spine condition with a severity ranking of E, a lumbar spine condition with a severity ranking of F, a 10% schedule loss of use of his left shoulder and a 15% schedule loss of use of his right shoulder, and that he was limited to sedentary work. After a further hearing at which claimant testified regarding loss of wage-earning capacity and his reduced earnings, the WCLJ issued a decision incorporating its earlier findings regarding the severity of his neck and back injuries and classified him as permanently partially disabled; after considering various vocational factors, the WCLJ held that he had a loss of wage-earning capacity of 55% and ordered continued reduced earnings/wage awards. On the employer's appeal, the Workers' Compensation Board modified the WCLJ's decision, crediting Canario's medical opinion and that of Erin Elmore, the employer's neurological consultant, finding that claimant had no further causally-related permanent disability from his injuries in this established claim. Consequently, as claimant has no permanent disability, the Board held that he is not entitled to further reduced earnings awards. Claimant appeals.
We affirm. Initially, claimant argues that the Board exceeded its authority in ruling that he had no permanent injuries because the employer did not argue permanency before the WCLJ or in its appeal to the Board and, thus, the Board was limited to addressing loss of wage-earning capacity and reduced earnings. Contrary to that contention, at the end of the April 23, 2021 hearing, the employer did object on the record to the WCLJ's permanency findings and decision to credit Faierman's opinion, clearly stating "our position is no permanency, no impairment, no disability." Moreover, although the employer did not [*2]specifically raise the issue of permanency in its administrative appeal to the Board (form RB-89), which would have permitted the Board not to address permanency, the Board was not thereby precluded from addressing it on its own initiative (see Matter of Christensen-Mavrigiannakis v Nomura Sec. Intl., Inc., 175 AD3d 1748, 1754 [3d Dept 2019]; Matter of Connolly v Covanta Energy Corp., 172 AD3d 1839, 1840 [3d Dept 2019]). To that end, "[t]he Board is granted broad jurisdiction that includes the power, on its own motion or on application, to modify or rescind a WCLJ's decision and its continuing jurisdiction embraces the power of modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just" (Matter of Christensen-Mavrigiannakis v Nomura Sec. Intl., Inc., 175 AD3d at 1754 [internal quotation marks, brackets, ellipses and citations omitted]; see Workers' Compensation Law § 123). Thus, we find that the Board acted within its authority in sua sponte addressing the issue of permanency and in reaching a conclusion that was contrary to that of the WCLJ (see Matter of Fleurissaint v Lenox Hill Hosp., 147 AD3d 1189, 1190 [3d Dept 2017]).
Claimant's further contention that the Board's reversal of the WCLJ's credibility and permanency determinations constituted error in that the WCLJ's decision is supported by substantial evidence and entitled to deference is misplaced. Under established law, "[t]he Board . . . [is] the sole arbiter of witness credibility . . . [and] was not bound by the WCLJ's determinations" (Matter of Minichino v Amazon.com DEDC LLC, 204 AD3d 1289, 1290 [3d Dept 2022] [internal citations omitted]; see Matter of Perry v DOCCS Clinton Corr. Facility, 218 AD3d 973, 975 [3d Dept 2023]; Matter of Martinez v RNC Indus., LLC, 213 AD3d 1109, 1010 [3d Dept 2023]). It is the Board that has "the exclusive province to resolve conflicting medical opinions and to evaluate medical evidence before it, and its factual determinations . . . will not be disturbed if supported by substantial evidence in the record" (Matter of Oberg v Consolidated Edison Co. of N.Y., Inc., 211 AD3d 1271, 1272 [3d Dept 2022] [internal quotation marks and citations omitted]). Upon judicial review, the sole focus is whether the final administrative determination of the Board — not the WCLJ — is supported by substantial evidence and the Board's "finding of fact . . . is considered conclusive on the courts if supported by substantial evidence" (Matter of Brisson v County of Onondaga, 6 NY3d 273, 279 [2006] [internal quotation marks and citation omitted]; see Workers' Compensation Law § 23). "So long as the Board's determination is supported by substantial evidence it will be upheld" (Matter of Hughes v Ferreira Constr. Co., Inc., 191 AD3d 1053, 1054 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Gates v McBride Transp., 60 NY2d 670, 671 [1983]). Indeed, this Court will not disturb [*3]a finding of the Board where it is supported by substantial evidence, even where a contrary conclusion of the WCLJ is also supported by substantial record evidence (see Matter of Updike v Synthes, 217 AD3d 1045, 1046 [3d Dept 2023]). Accordingly, claimant's arguments focused on the WCLJ's credibility and factual findings are unavailing.
To the extent that claimant argues that the Board's determination is not supported by substantial evidence, we disagree. In finding that claimant has no further causally-related permanent disability, the Board credited the medical opinion of Canario, the employer's consulting orthopedic surgeon, who examined claimant three times, in October 2019, October 2020 and February 2021, and testified in accordance with his reports prepared after each examination. As a result of his examinations and a review of claimant's medical records, including multiple MRI and EMG results, and other physicians' medical records and reports, Canario initially opined that claimant may have sustained cervical and lumbar sprains; later he concluded that the injuries had since resolved in that claimant exhibited no neurological loss or atrophy, he had "no positive clinical findings" and there was no resulting permanent impairment. Following his second and third examinations, he further opined that claimant was feigning his symptoms, reporting pain levels and exhibiting a severely limited presentation that were "out of proportion"; Canario concluded that there "was no explanation" and "no objective findings" to support his claimed severe disability and inability to perform any activities and most of the performance-based tests on his neck, back and shoulders. The Board credited Canario's opinion that claimant did not have a causally-related disability to any of the established sites. Similarly, the Board credited the opinion of the employer's neurologist, Elmore, who found no objective neurological functional loss or findings at any of the examinations other than degenerative spine disease, and found he had no further complaints of posttraumatic headaches and no related permanency.
The Board expressly discredited the opinion of Faierman that claimant had a permanent partial disability, finding that it was "based upon the claimant's incredible report of presentation." We defer to the Board's resolution of the conflicting medical opinions and its evaluation of the medical evidence before it (see Matter of Oberg v Consolidated Edison Co. of N.Y., Inc., 211 AD3d at 1272; Matter of Minichino v Amazon.com DEDC LLC, 204 AD3d at 1292; Matter of Hughes v Ferreira Constr. Co., Inc., 191 AD3d at 1054). In our view, while the testimony of claimant's treatment providers and the medical evidence could also support a contrary conclusion, we find that substantial evidence supports the Board's determination that claimant does not have any further causally-related permanent disabilities stemming from the March 2017 accident (see Matter of Hughes v Ferreira Constr[*4]. Co., Inc., 191 AD3d at 1054; Matter of Kemraj v Garelick Farms, 164 AD3d 1504, 1504—1505 [2018]). Claimant's remaining contentions have been examined and either need not be addressed or lack merit.
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.