Matter of Rodriguez v Sky Materials Corp.
2026 NY Slip Op 03342
May 28, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Zoilo Cruz Rodriguez, Claimant,
v
Sky Materials Corp. et al., Respondents, and Southeast Personnel Leasing, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Decided and Entered:May 28, 2026
CV-24-1975
Calendar Date: April 22, 2026
Before: Aarons, J.P., Reynolds Fitzgerald, Powers, Corcoran And Ryba, JJ.

Chartwell Law, New York City (Adam T. Devine of counsel), for appellants.
David F. Wertheim, State Insurance Fund, Albany (Janis M. Riekstins of counsel), for State Insurance Fund, respondent.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

[*1]
Ryba, J.
Appeal from an amended decision of the Workers' Compensation Board, filed October 23, 2024, which ruled, among other things, that State National Insurance Company, Inc., is the liable workers' compensation carrier.
Claimant was working on a construction site on March 5, 2019, when he tripped and fell while carrying a metal beam. He filed two claim forms for workers' compensation benefits for injuries sustained in that accident in which he named his employer as, respectively, Sky Structures Corporation and Sky Materials Corporation. In addition to the ensuing question as to which of those entities was his employer, it was unclear whether claimant was also employed by Southeast Personnel Leasing, Inc. (hereinafter SPLI), a professional employer organization (hereinafter PEO) that had entered into client leasing agreements with Sky Materials and Sky Structures to handle "payroll and human resources responsibilities," including securing workers' compensation coverage, for certain employees (Tri-State Empl. Servs. v Mountbatten Sur. Co., 99 NY2d 476, 481 [2003]).
Following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claims for various work-related injuries in October 2020. The WCLJ further found that claimant was an employee of Sky Materials and that State National Insurance Company, Inc., the carrier from which SPLI had obtained workers' compensation coverage for certain Sky Materials employees, was the relevant carrier. Upon administrative review, the Workers' Compensation Board modified and remitted for further development of the record on the issue of employer-employee relationship. Following additional proceedings, the WCLJ issued a decision in February 2023 finding that claimant was employed by Sky Structures but was not covered by the State National policy obtained by SPLI for certain Sky Structures employees and that, in the absence of other applicable insurance coverage, the general contractor of the construction site where claimant was injured and its workers' compensation carrier were liable (see Workers' Compensation Law § 56). The general contractor's carrier sought administrative review, and that review ultimately resulted in an October 2024 amended decision from the Board that, in relevant part, found that claimant was a leased employee covered by the State National policy and rescinded the liability of the general contractor and its carrier. SPLI and State National appeal.
We affirm. It is undisputed upon this appeal that claimant was an employee of Sky Structures, as well as that Sky Structures had a client leasing agreement with SPLI that was in effect when his accident occurred. SPLI agreed to co-employ most or all of Sky Structures' employees under the terms of that agreement and, as a PEO, it "assume[d] responsibility for, among other things, 'secur[ing] and provid[ing] required workers' compensation coverage for its worksite employees either in its own name or in its client's name' " (Matter of [*2]Fonseca v Platinum Carpentry, Inc., 238 AD3d 1444, 1445-1446 [3d Dept 2025], quoting Labor Law § 922 [3] [c]; see Labor Law § 916 [3] [a], [d]; Matter of Gaylord v Buffalo Transp., Inc., 195 AD3d 1200, 1201-1202 [3d Dept 2021]). As worksite employees are defined as "having an employment relationship with both the [PEO] and the client" (Labor Law § 916 [6]), both the PEO and the client are statutorily deemed to be their "employer[s] for the purpose of coverage under the [W]orkers' [C]ompensation [L]aw" (Labor Law § 922 [4]). SPLI obtained the policy from State National to cover the employees co-employed by it and Sky Structures and, "[a]s a general proposition, workers' compensation insurance policies extend to all employees who are employed during the policy period in question and not shown to be excluded" (Matter of Brown v Buffalo Transp., Inc., 222 AD3d 1147, 1150 [3d Dept 2023] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 54 [4]; Matter of Fonseca v Platinum Carpentry, Inc., 238 AD3d at 1446). As a result, "SPLI and State National bore the burden of establishing that claimant was not a leased employee covered by the underlying workers' compensation policy in this particular case" (Matter of Brown v Buffalo Transp., Inc., 222 AD3d at 1150; see Matter of Fonseca v Platinum Carpentry, Inc., 238 AD3d at 1446).
The relevant State National policy names SPLI "L/C/F" Sky Structures as the insured, lists "CONTRACTOR" and "ALL OPERATIONS" in a variety of construction work under the classification of operations covered, and lacks a list of the specific employees covered by it. In view of that broad language and the lack of any specifically named employees who are excluded from coverage, "this policy is 'deemed to include all employees of the employer employed at or in connection with the business of the employer' " absent proof to the contrary (Matter of Gaylord v Buffalo Transp., Inc., 195 AD3d at 1202, quoting Workers' Compensation Law § 54 [4]; see Matter of Fonseca v Platinum Carpentry Inc., 238 AD3d at 1444). SPLI and State National attempted to provide that proof via the affidavit and testimony of SPLI's director of human resources and benefits, Heather Clark, who indicated that claimant's name was not on the client employee list naming all leased employees during calendar year 2019 and that he was not, in her view, covered under the State National policy.FN1 As the Board noted, however, Clark gave no reason to believe that the client employee list had been incorporated into the State National policy. The Board further appropriately applied our precedent in observing that, as the client leasing agreement required Sky Structures to secure separate workers' compensation coverage for nonleased employees and there was no evidence that SPLI had sought proof of that coverage or that Sky Structures had obtained it, claimant was not clearly excluded from coverage under the State National policy (see Matter of Gaylord v Buffalo [*3]Transp., Inc., 195 AD3d at 1202-1204; see also Employer: Chateau GC LLC, 2022 WL 1286990, *4-7 [WCB No. G258 1160, Apr. 14, 2022]).
After considering the foregoing, the Board determined that SPLI and State National had failed to meet their burden of demonstrating that claimant was a nonleased employee excluded from coverage under the State National policy. According deference to the Board's assessment of credibility, we are satisfied that substantial evidence in the record supports that determination (compare Matter of Cardona v DRG Constr. LLC, 196 AD3d 988, 989-990 [3d Dept 2021], and Matter of Gaylord v Buffalo Transp., Inc., 195 AD3d at 1203, with Matter of Fonseca v Platinum Carpentry Inc., 238 AD3d at 1447, and Matter of Brown v Buffalo Transp., Inc., 222 AD3d at 1151). The remaining contentions of SPLI and State National, to the extent that they are preserved for our review, have been examined and found to be lacking in merit.
Aarons, J.P., Reynolds Fitzgerald, Powers and Corcoran, JJ., concur.
ORDERED that the amended decision is affirmed, without costs.

Footnotes

Footnote 1
Sky Structures did not produce any witnesses or offer any proof regarding its understanding of claimant's employment status.